**The STATE of Ohio, Appellee,**

v.

**KILGORE, Appellant.**

[Cite as *State v. Kilgore,* 175 Ohio App.3d 665, 2008-Ohio-1162.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22034.

Decided March 14, 2008.

</div>

Patrick J. Bonfield, Dayton Law Director, Deirdre Logan, Dayton Chief Prosecuting Attorney, and Casey R. Crosley, Assistant Prosecuting Attorney, for appellee.

Jeffrey D. Slyman, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Brett E. Kilgore, appeals from his conviction and sentence for failing to obey a traffic-control device, in violation of Dayton City Ordinances 70.12. Kilgore contends that there is a failure of proof, because there

is no evidence of the existence of a traffic-control device that he allegedly failed to obey. Although the trial court took judicial notice of a comment concerning the one-way street sign in the comment section of the traffic ticket, the city concedes, and we agree, that a traffic ticket is merely a charging instrument and does not constitute evidence. The city cites cases suggesting that a traffic-control device's compliance with the Ohio Manual on Uniform Traffic Control Devices is in the nature of an affirmative defense. In this case, unlike those cases, there is no evidence in the record of the existence of any traffic-control device at all. We agree with Kilgore that this circumstance represents a failure of an essential element of the offense with which he was charged. Accordingly, the judgment of the trial court is reversed, and Kilgore is ordered discharged with respect to the offense with which this appeal is concerned.

I

{¶ 2} Kilgore was stopped and cited for having driven the wrong way on a one-way street. Specifically, he was charged with having violated Section 70.12 of the Dayton City Ordinances, which provides:

{¶ 3} "No pedestrian, driver of a vehicle, or operator of a trackless trolley shall disobey the instructions of any traffic-control device placed in accordance with the provisions of this title, unless at the time otherwise directed by a police officer, or if on public lands of the city by a special policeman, duly licensed or appointed and acting within the scope of his authority."

{¶ 4} At the trial, the city offered the testimony of Gary Lowe, the Dayton police officer who issued the citation. Following Lowe's testimony, the city rested, and Kilgore moved for a judgment of acquittal. Along with one other argument not relevant to this appeal, Kilgore argued that the city had failed to prove the existence of a traffic-control device—in this case, a one-way street sign—for Kilgore to have violated.

{¶ 5} The trial court took Kilgore's motion under advisement. In a written, post-trial decision, the trial court noted that on the back of the ticket issued to Kilgore, under the section denominated "Officer's Supplemental Comments," the following comment appeared: "Visible one way sign on pole." The trial court took judicial notice of this comment and found that there was a sign "placed pursuant to lawful authority." The trial court overruled Kilgore's motion for judgment of acquittal and found him guilty.

{¶ 6} At a subsequent disposition hearing, Kilgore was fined $100 and costs. From his conviction and fine, Kilgore appeals.

II

{¶ 7} Kilgore's First Assignment of Error is as follows:

{¶ 8} "The trial court erred in failing to grant the defendant's motion for judgment of acquittal made pursuant to Rule 29(a) of the Ohio Rules of Criminal Procedure."

{¶ 9} Kilgore contends that there was a failure of proof of an essential element of the charge against him—namely, the existence of a traffic-control device that he could have failed to obey. Although Officer Lowe testified that the street on which he observed Kilgore driving, however briefly, was one way going the other way, there is nothing in Lowe's testimony concerning the existence of a one-way street sign.

{¶ 10} The trial court found the existence of the sign based upon the remark in the comment section of the traffic ticket: "Visible one way sign on pole." In its brief, the city concedes that a trial court may not take judicial notice of a police officer's notes on the back of a traffic ticket as a substitute for evidence duly offered and admitted. We agree. A traffic ticket is merely a charging instrument. Whatever comments or allegations may appear on a charging instrument may not be deemed to constitute admissible and admitted evidence to prove an element or elements of an offense.

{¶ 11} The city attempts to reverse the burden of proof on this issue, citing *S. Russell v. Blair*, Geauga App. No. 2005–G–2645, 2006-Ohio-3766, 2006 WL 2042991; *State v. Rivera* (Sept. 21, 2001), Ashtabula App. No. 2001–A–0005, 2001 WL 1117073; *State v. Millhouse* (Feb. 3, 1995), Lawrence App. No. 94 CA 4, 1995 WL 57369; *Akron v. Cook* (1990), 67 Ohio App.3d 640, 588 N.E.2d 157; and *Mentor v. Mills* (July 22, 1988), Lake App. No. 12–269, 1988 WL 76764, for the proposition that "the issue of whether a road sign is posted in compliance with statutory requirements is more in the nature of an affirmative defense."

{¶ 12} In each of the cases cited by the city, there was no question that a traffic-control device existed and that the defendant in each case had failed to comply with it. The issue in each case was whether the traffic-control device was maintained in accordance with statutory requirements. In some of these cases, the appellate court held that compliance with statutory requirements could be presumed, or inferred, in the absence of evidence to the contrary. We need not decide whether we agree with this proposition, because we are not confronted in this case with the issue of whether an existing traffic-control device's compliance with applicable requirements may be presumed or inferred. Here, the very existence of a traffic-control device would have to be presumed or inferred.

{¶ 13} In order for a pedestrian or motorist to fail to obey a traffic-control device, a traffic-control device must exist. The existence of a traffic-

control device is an essential element of the offense. An essential element of an offense may not be presumed or inferred in the absence of satisfactory proof.

{¶ 14} Here, the only basis upon which one could argue for an inference that there was a traffic-control device is the fact, for which there is evidence in the record, that the street in question was a one-way street; that is, that the proper authorities had designated it as a one-way street. If we were to allow the fact-finder to infer from the fact that a street is a one-way street the further fact that there is a traffic-control device so indicating (query: where in relation to the offender?), we would in effect be converting the ordinance that Kilgore is alleged to have violated into a strict-liability offense, in which driving the wrong way on a street that has been designated as a one-way street would make the driver liable, subject to an affirmative defense that there was no signage visible by him. There is nothing in the ordinance, quoted above, to indicate an intent to make it a strict-liability offense. We conclude, therefore, that the city is obliged to present some proof that there is, in fact, a traffic-control device that the alleged offender has failed to obey.

{¶ 15} Kilgore's first assignment of error is sustained.

### III

{¶ 16} Kilgore's second and third assignments of error are as follows:

{¶ 17} "The judgment of the conviction of Dayton Ordinance 70.12 is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 16 of the Ohio Constitution in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt.

{¶ 18} "The trial court erred in taking judicial notice of an essential element of an offense, obviating the necessity of proof beyond a reasonable doubt by the prosecution."

{¶ 19} Both of the issues raised by these assignments of error have been resolved by our disposition of Kilgore's first assignment of error, thereby rendering them moot. Kilgore's second and third assignments of error are overruled as moot.

### IV

{¶ 20} Kilgore's first assignment of error having been sustained, the judgment of the trial court is reversed, and Kilgore is ordered discharged with respect to the offense that is the subject of this appeal.

Judgment reversed.

WOLFF, P.J., and GRADY, J., concur.