[Cite as *In re H.C.*, 2019-Ohio-441.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

IN RE:

              **CASE NO. 17-18-14**

  H.C.,

**ALLEGED JUVENILE TRAFFIC**     **O P I N I O N**
**OFFENDER.**

Appeal from Shelby County Common Pleas Court
Juvenile Division
Trial Court No. 2018-TRF-0075

**Judgment Affirmed**

Date of Decision: February 11, 2019

APPEARANCES:

  *Robert E. Long, III* **for Appellant**

  *Anne K. Bauer* **for Appellee**

**SHAW, J.**

{¶1} Juvenile-appellant, H.C., brings this appeal from the August 15, 2018, judgment of the Shelby County Common Pleas Court, Juvenile Division, finding that H.C. was a juvenile traffic offender based on his failure to stop at a stop sign in violation of R.C. 4511.12(A). On appeal, H.C. argues that the evidence did not support the finding that he was a juvenile traffic offender based on his violation of R.C. 4511.12(A).

*Relevant Facts and Procedural History*

{¶2} On May 10, 2018, Deputy Greg Birkemeier of the Shelby County Sheriff's Office received a report regarding a motorcycle traveling at a high rate of speed in the area of Schenk and Lindsey Road. Deputy Birkemeier responded to the area and stopped his cruiser on Lindsey Road watching the intersection with Schenk Road. The intersection was a four-way stop. Deputy Birkemeier observed a truck that was pulling a trailer going westbound on Schenk stop at the stop sign, then drive through the intersection. A motorcycle—driven by H.C.—was behind the truck trailer. The motorcycle followed the truck and trailer through the four-way stop without stopping at the stop sign.

{¶3} Deputy Birkemeier initiated a traffic stop of H.C., who claimed that he had looked into the intersection before going forward. Deputy Birkemeier issued H.C. a ticket for a violation of R.C. 2152.02 and R.C. 4511.12.[1]

{¶4} H.C. denied the charge and his case proceeded to an adjudication hearing. At the hearing, Deputy Birkemeier testified to the events as described. H.C.'s counsel questioned the Deputy as to whether he measured the height of the stop sign and the distance it was from the road. Deputy Birkemeier indicated that he did not, but the stop sign was clearly visible, sufficiently legible, and it was in what appeared to be a proper position. Deputy Birkemeier was the only witness who testified for the State.

{¶5} At the conclusion of the State's case, H.C.'s counsel moved for a judgment of acquittal arguing, *inter alia*, that the State failed to establish that the stop sign complied with the Ohio Manual of Uniform Traffic Control Devices. The trial court denied H.C.'s motion.

{¶6} H.C. did not call any witnesses and rested his case. Based on the evidence presented, the trial court found that H.C. was a juvenile traffic offender due to his violation of R.C. 2152.02 and R.C. 4511.12. The trial court proceeded to the dispositional phase, noting that this was H.C.'s third traffic violation. His license was suspended for 1 year, and he was ordered to pay a $50 fine and court

---

[1] Deputy Birkemeier did not originally realize that H.C. was a juvenile so the ticket had to be amended.

costs. H.C. was permitted to file for driving privileges after 90 days. A judgment entry memorializing H.C.'s disposition was filed August 15, 2018.

{**¶7**} It is from this judgment that H.C. appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred in adjudicating the appellant a juvenile traffic offender for [a] violation of R.C. 4511.12 and R.C. 2152.02 because the appellee-State of Ohio failed to prove beyond a reasonable doubt that the traffic control device (stop sign) complied with the Ohio Manual of Uniform Traffic Control Devices (OMUTCD).**

{**¶8**} In his assignment of error, H.C. argues that the State did not establish that the stop sign he failed to stop at complied with the Ohio Manual of Uniform Traffic Control Devices. More specifically, H.C. contends that on cross-examination Deputy Birkemeier testified that he did not measure the height of the stop sign from the ground, or the lateral offset of the stop sign from the road, thus Deputy Birkemeier could not testify that the stop sign was in compliance with the Ohio Manual.

Relevant Authority

{**¶9**} Courts have repeatedly held that, " 'Once it has been demonstrated that a traffic control device exists in a specific location, an inference arises that the traffic control device was placed pursuant to lawful authority.' " *Painesville v. Kincaid*, 11th Dist. No. 2015-L-023, 2015-Ohio-5532, ¶ 19, quoting *State v. Rivera*, 11th

Case No. 17-18-14

Dist. Ashtabula No. 2001-A-0005, 2001 WL 1117073, *2 (Sept. 21, 2002), citing

*Akron v. Cook*, 67 Ohio App.3d 640, 643, 588 N.E.2d 157 (9th Dist.1990). "The

burden then switches to the defendant to rebut the inference that the traffic control

device, i.e., a stop sign, was placed in compliance with the Ohio Manual of Uniform

Traffic Control Devices." *Id.* citing *Rivera* at *2-3. In the face of actual adversarial

evidence regarding the position of the sign, the ultimate burden of proof reverts back

to the State. *City of Mentor v. Mills*, 11th Dist. Lake No. 12-269, 1988 WL 76764;

*but see State v. Kilgore*, 2d Dist. Montgomery No. 22034, 2008-Ohio-1162, ¶ 11

(defendant's burden of rebutting the inference is viewed as an affirmative defense).

Analysis

**{¶10}** In this case, H.C. was alleged to have violated Revised Code

4511.12(A), which reads as follows.

> **(A)  No pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer.**
>
> **No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section of this chapter does not state that signs are required, that section shall be effective even though no signs are erected or in place.**

R.C. 4511.12.

{¶11} In its case against H.C., the State presented the testimony of Deputy Birkemeier, who testified that the stop sign at the intersection of Lindsey and Schenk was completely visible, that it was unobstructed, and that it was in a normal position for a posted stop sign. Under the previously cited authority, this is sufficient to create an inference that the stop sign was placed pursuant to lawful authority.

{¶12} On appeal, H.C. argues that Deputy Birkemeier specifically stated on cross-examination that he did not measure the height of the stop sign, or its lateral offset from the road, and thus Deputy Birkemeier could not say unequivocally that the sign complied with the Ohio Manual of Uniform Traffic Control Devices. H.C. contends that based on this cross-examination, he rebutted the inference that the stop sign was compliant with the Ohio Manual. We disagree. H.C. did not present any actual *evidence* rebutting the inference that the stop sign was compliant with the Ohio Manual.

{¶13} Courts have held that where a defendant presents actual evidence that a stop sign did not comply with Ohio Manual requirements, the stop sign will be found to be unenforceable. For example, in *Painesville v. Kincaid*, 11th Dist. Portage No. 2015-L-023, 2015-Ohio-5532, the Eleventh District Court of Appeals found that where a defendant presented the testimony of a surveyor that the height of a stop sign did not meet the minimum height required under the Ohio Manual, it

was not enforceable against the driver. According to the surveyor, the stop sign in question was 47 inches high, and under the Ohio Manual the stop sign had to be at least sixty inches high, or five feet. The Eleventh District found that where the defense presented such testimony from a surveyor, and the State did not produce any evidence contradicting the surveyor's testimony, the stop sign was not enforceable.

{¶14} In this case, unlike *Kincaid*, there was no actual evidence presented to rebut the inference that the stop sign was compliant with the Ohio Manual. The questioning of Deputy Birkemeier as to whether he measured the stop sign or whether he knew for a fact that it was compliant with the Ohio Manual was not sufficient to overcome the inference that was created when Deputy Birkemeier testified that the stop sign was placed in a normal position, that it was readily observable, and that it was unobstructed. We have no indication that if the sign was measured it would be anything but compliant with the Ohio Manual. Given the inference that arises once it is established that a traffic control device is in a specific location, H.C.'s argument is not well-taken. Therefore, his assignment of error is overruled.

*Conclusion*

{¶15} For the foregoing reasons H.C.'s assignment of error is overruled and the judgment of the Shelby County Common Pleas Court, Juvenile Division, is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**